# MILLER v. TRAVERS.

OFFICERS; CORPORATIONS; PRINCIPAL AND AGENT; ASSUMPSIT.

A person who was the president, secretary and treasurer of a corporation
    engaged in the real estate business is liable individually, in an action
    for money had and received, for money furnished him as the balance
    of the purchase price of property and which he agreed to apply to
    the payment of a note secured by a deed of trust, although he
    turned the funds over to the corporation, where the corporation
    suspended business, leaving the note unpaid.

No. 2421.   Submitted November 5, 1912.   Decided December 2, 1912.

HEARING on appeal by the defendant from a judgment of the
Supreme Court of the District of Columbia on verdict in an ac-
tion for money had and received.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Virginia B. Travers, executrix of the estate of
Richard B. Travers, deceased, plaintiff below, sued defendant,
J. Barton Miller, in the supreme court of the District of Colum-
bia for money had and received.   The declaration is in as-
sumpsit and contains only the common counts.   In the bill of
particulars it was alleged that the money was furnished de-
fendant for the purpose of paying a note secured by a deed of
trust on certain real estate in the city of Washington which
plaintiff had purchased through defendant, as agent.

It appears that the defendant was at the time of this trans-
action president, secretary, and treasurer of the Miller-Shoe-
maker Real Estate Company, a corporation engaged in the real
estate business in this District.   Plaintiff entered into an
agreement with the corporation to purchase the property in

question for the sum of $1,600, and paid $400 on account. He was informed by defendant, with whom all the transactions were conducted, that the property was encumbered by a deed of trust for $1,200. Subsequently, plaintiff went to defendant for the purpose of closing up the transaction, and paid defendant $1,200 by two checks made payable to the Miller-Shoemaker Company, on the agreement of defendant, as plaintiff testifies, that he would apply the money to the payment of the trust. Defendant deposited the money to the credit of the corporation, whose indorsement, placed there by defendant, appears upon the back of each of the checks. Defendant delivered to plaintiff a deed to the premises.

Defendant admits receiving the money and delivering the deed, but testifies that he received the money for the corporation and deposited it to its credit; that there were three outstanding tax deeds upon the property, which took considerable time to acquire, and that he secured two of them; but before he received the third, the corporation became involved in litigation, which caused it to suspend business. The trust was not paid. This suit is for the recovery of a judgment for the amount paid defendant. A verdict was rendered in the court below for plaintiff for the full amount, together with interest. From the judgment thereon this cause comes here on appeal.

*Mr. Henry E. Davis* and *Mr. John E. Laskey* for the appellant.

*Mr. Charles E. Robson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The jury, by the verdict, resolved the issues of fact in favor of plaintiff. It found that the money was paid defendant upon his agreement to apply it to the liquidation of the trust. Counsel for defendant contend that, notwithstanding this, defendant was sued for money had and received, when, in fact, no part.

of the money ever came into his personal possession, and therefore, upon the record evidence, as disclosed by the checks and the deposit, the court committed error in not instructing the jury to return a verdict for defendant, as requested by counsel.

It is elementary that in a suit for money had and received the money must be traced into the possession of the defendant, and while technically the money was paid by plaintiff to the corporation, we think the judgment should be affirmed. Plaintiff was not the debtor of the corporation. He owed it nothing. The money was paid to defendant, the president of the corporation, as the balance of the purchase price of the property, and upon the agreement of defendant that he would apply it to the only object to which it could be applied properly, either by him or the corporation,—the liquidation of the trust. It is not material that the checks were made payable to the corporation. Defendant was its president, secretary, and treasurer, with full power to secure the money on the checks and carry out his agreement. The corporation had no claim on the funds, and the money was as readily available to defendant as if the checks had been made payable to him. The means of securing the money to carry out his agreement came into his possession through the checks given him by plaintiff. That, instead of using it for that purpose, he turned it over to the corporation by depositing it to its credit in bank, is of no concern. His liability is the same. There was no error, and the judgment is affirmed, with costs.                              *Affirmed.*